IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE T. COLER, #17059779,       §<br>           Plaintiff,                                  §<br>                                                            §<br>v.                                                         §     CIVIL CASE NO. 3:18-CV-0799-N-BK<br>                                                            §<br>TREY BUNCH, et al.,                         §<br>           Defendants.                          § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. On April 2, 2018, Plaintiff, a Dallas County Jail inmate, filed a *pro se* complaint against the City of Dallas and Dallas County Jail Officers Bunch, Morgan, Alvardo, and Lawson, along with a motion for leave to proceed *in forma pauperis*. Doc. 3; Doc. 6. For the reasons that follow, it is recommended that this case be summarily **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson* , ___ U.S. ___, 135 S. Ct. 1759 (2015)).

Plaintiff has accrued three strikes under section 1915(g).  Before this lawsuit was filed, this Court dismissed as frivolous under 28 U.S.C. § 1915(e) three non-habeas civil actions that Plaintiff filed while confined as an inmate.  *See Coler v. Kemp*, 3:14-CV-237-P-BK, 2014 WL 1568010 (N.D. Tex. Apr. 17, 2014) (accepting recommendation and dismissing complaint as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)); *Coler v. Pittman*, 3:14-CV-2615-G-BN (N.D. Tex. Aug. 15, 2014) (same); *Coler v. Dallas County Sheriff's Dept.*, No. 3:14-CV-1819-B-BF, 2014 WL 5013705 (N.D. Tex. Oct. 7, 2014) (same).  In addition, the United States Court of Appeals for the Fifth Circuit dismissed as frivolous the appeal in Case No. 3:14-CV-237-P-BK, and found that Plaintiff has "accumulated at least three strikes."  *See Cole v. Kemp*, Appeal No. 14-10489 (5th Cir. Apr. 10, 2015).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding *in forma pauperis* in this or any civil action unless he establishes that he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Here, Plaintiff complains about that Defendants denied him his legal mail and failed to transport him to court.  Doc. 3 at 4.  Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious

---

[1] Plaintiff filed Case Nos. 3:14-CV-237-P-BK, 3:14-CV-1819-B-BF, and Appeal No. 14-10489 while he was confined at the Dallas County Jail under prisoner #13078686.  His name on the Dallas County website is spelled as Terrance Thion Coler with a date of birth of December 5, 1965, which coincides with the records for Plaintiff's present incarceration under prisoner #17059779.  *See https://www.dallascounty.org/criminalBackgroundSearch/searchByName* (last accessed on April 10, 2018) (search for Terrance T. Coler).

Additionally, Plaintiff filed Case No. 3:14-CV-2615-G-BN while he was confined within the Texas Department Criminal Justice (TDCJ) under prisoner #1926647.  Although his prisoner number changed when he entered TDCJ, the complaint confirms that Plaintiff had previously filed Case No. 3:14-CV-1819-B-BF.

physical injury. Plaintiff, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

Accordingly, Plaintiff's motion to proceed *in forma pauperis*, Doc. 7, should be **DENIED**, and this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to Plaintiff refiling an *in forma pauperis* lawsuit raising the same claims as presented herein, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee. [2]

The Clerk of the Court is directed to note on the docket sheet Plaintiff's alias: Terrance Thion Coler.

**SO RECOMMENDED** on April 10, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] A $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not been granted leave to proceed *in forma pauperis*.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the exact finding or recommendation to which objection is made, state the basis for the objection, and state the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE